IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF INDIANA
HAMMOND DIVISION

FILED
OCT 20 2004

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br>)<br>       Plaintiff,  )<br>)<br>   v.  )<br>)<br>FLYING J INC.  )<br>)<br>)<br>       Defendant.  )<br>_____  ) | **2:04CV437RL**<br><br>CIVIL ACTION NO.<br><br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991 and the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of sex and age, and to provide appropriate relief to James Kypreos who was adversely affected by such practices. As alleged with greater particularity in paragraph 8 below, the Commission alleges that Flying J Inc. terminated Mr. Kypreos because of his sex and his age (70).

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Hammond Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADEA, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.  At all relevant times, Defendant, Flying J Inc. (the "Employer"), has continuously been a Utah corporation doing business in the State of Indiana and the City of Lake Station, and has continuously had at least 20 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.  Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance

with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, James Kypreos filed a charge with the Commission alleging violations of Title VII and the ADEA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  On or about September 5, 2003, Defendant engaged in unlawful employment practices at its Lake Station, Indiana facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a) and Section 4(a) of the ADEA, 29 U.S.C. § 623(a). Defendant Employer terminated James Kypreos from his cashier position because of his sex (male) and age (70) while retaining and hiring younger female cashiers.

9.  The effect of the practice complained of in paragraph 8 above has been to deprive James Kypreos of equal employment opportunities and otherwise adversely affect his status as an employee, because of his sex and age.

10. The unlawful employment practice complained of in paragraph 8 above was intentional.

11. The unlawful employment practice complained of in paragraphs 8 above was willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

12. The unlawful employment practice complained of in paragraph 8 above was done with malice or with reckless indifference to the federally protected rights of James Kypreos.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on age or sex and any other employment practice which discriminates on the basis of sex (male) or age against individuals 40 years of age and older.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for males and for persons ages 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole James Kypreos, by providing appropriate back wages with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or frontpay.

D. Grant a judgment requiring Defendant Employer to pay liquidated damages in a sum equal to back wages to James Kypreos, whose wages are being unlawfully withheld as a result of the acts complained of above.

E. Order Defendant Employer to make whole James Kypreos, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

F. Order Defendant Employer to make whole James Kypreos by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, in amounts to be determined at trial.

G. Order Defendant Employer to pay James Kypreos punitive damages for its

malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

    H.    Grant such further relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington D.C. 20507

LAURIE A. YOUNG, #11480-49
Regional Attorney

MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

NANCY DEAN EDMONDS
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY

5

COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203
Phone: (317) 226-7229
Fax: (317) 226-5571
E-mail: Nancy.Edmonds@eeoc.gov