IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 2:04-CV-437-RL-APR |
| v. | ) ) | |
| FLYING J INC, | ) ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

Civil Action No. 2:04-CV-437 was instituted by the Equal Employment Opportunity Commission ("EEOC" or "Commission") under the authority granted to it under Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1), and Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §626(b) (the "ADEA"). The Commission's action was brought to correct alleged unlawful employment practices on the basis of sex and age. The Commission's Complaint alleged that Defendant, Flying J Inc ("Flying J"), terminated James Kypreos from his cashier position because of his sex and his age (70). Flying J denies those allegations.

The Commission and Flying J hereby stipulate to the jurisdiction of the Court over the parties and the subject matter of this action, that venue is proper, and that all administrative prerequisites have been made.

The Commission and Flying J have advised this Court that they desire to resolve Civil Action No. 2:04-CV-437 without the burden and expense of further litigation.

1

It is, therefore, the finding of this Court, based on the pleadings and the record as a whole that the applicable requirements of Title VII and the ADEA will be carried out by the implementation of this Decree, and this Decree resolves the issues raised by the Complaint of the Commission.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1.  The terms of this Decree are limited to the Flying J Lake Station, Indiana, facility.

2.  Defendant acknowledges its legal obligations under Title VII and the ADEA not to discriminate against employees, or select them for reduction or termination, on the basis of sex or age (over 40), and to maintain a work environment for all employees that is free from unlawful discrimination.

3.  Defendant acknowledges its legal obligations under Title VII and the ADEA not to discriminate or retaliate against any person because of opposition to any practice made unlawful by those statutes, or because of the filing of a charge, the giving of testimony, assistance, or participation in an investigation, proceeding or hearing under Title VII or the ADEA.

4.  Defendant agrees to post the Notice of Non-Discrimination Policy, attached as Appendix A to this Decree, in a conspicuous place on the premises of its Lake Station, Indiana, facility. Said notice shall remain posted for one (1) year.

5.  Defendant agrees to pay James Kypreos, or his heirs and assigns in the event of his death, the total sum of Fifty Thousand, Two Hundred Fifty Dollars ($50,250.00), in the following manner: (a) a check payable to the order of James Kypreos in the sum of Twenty-Five Thousand Dollars ($25,000.00), less applicable federal, state, and local withholding taxes, in full settlement of James Kypreos's claims of back pay and front pay damages, lost wages, and any

other employment-related benefits (Defendant shall not deduct from this amount the employer's share of any costs, taxes or social security required by law to be paid by the Defendant); (b) a check payable to the order of James Kypreos in the sum of Twenty-Five Thousand Dollars ($25,000.00), in full settlement for any and all other damages, including compensatory, punitive, and liquidated damages (Defendant will make no federal, state or local withholding tax deductions from this amount, James Kypreos having agreed to be responsible for the payment of any taxes that might be due thereon); and (c) a check payable to the order of James Kypreos in the sum of Two Hundred Fifty Dollars ($250.00) as reimbursement for, and in full settlement of, any legal fees (Defendant will make no federal, state or local withholding tax deductions from this amount, James Kypreos having agreed to be responsible for the payment of any taxes that might be due thereon). Upon entry of this Decree, the EEOC will forward a release (Appendix B) to Mr. Kypreos for his execution. The EEOC will notify counsel for Flying J when it has received the release executed by Mr. Kypreos and will transmit by facsimile, a copy thereof. Defendant agrees to issue the above referenced checks to James Kypreos by certified mail, within fifteen (15) days after such notification, addressed as follows: Mr. James Kypreos, 3332 East Bend Drive, Apt. 202, Portage, IN 46368-5044. Defendant shall mail copies of the checks and proof of delivery (i.e., a copy of the signed certified mail receipt) to the Commission within fifteen (15) days of mailing said checks. Upon receipt of proof of delivery, the EEOC shall forward the original release to counsel for Flying J.

6.  Defendant acknowledges that it has a non-discriminatory policy in its employees' manual, and that it will enforce that policy to assure that employees and applicants for employment are provided with equal opportunities regardless of age (over 40), sex, race, national origin, religion or disability.

case 2:04-cv-00437-RL-APR   document 34   filed 03/16/2006   page 4 of 7

7. Within one hundred twenty (120) days of the date of entry of this Decree, Defendant agrees that it shall devote a portion of its regularly-scheduled BSOP meeting to a training seminar for all Lake Station facility employees, including all managers and supervisors, regarding its non-discriminatory policy.

8. Defendant agrees to submit a report to the EEOC detailing its compliance with this Decree within ninety (90) days of the date of this Decree. Defendant will certify to the EEOC Regional Attorney regarding the date, time and place that the foregoing training seminar was held, along with a listing of all attendees. The report shall be sent to the attention of Laurie A. Young, Regional Attorney, or her successor, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204.

9. The Defendant agrees that the Commission may review compliance with this Decree. As part of such review, the EEOC may inspect the premises, interview employees, examine and copy documents.

10. In the event that the EEOC alleges that a violation of this Decree has occurred, prior to exercising any remedy provided by law, the EEOC will give notice in writing by certified mail, to Kelly Lowrey, Esq., Flying J Inc, 1104 Country Hills Drive, Ogden, UT 84403, specifically identifying the alleged violation to Defendant. The Defendant will have thirty (30) days in which to investigate and respond to the allegation. Thereafter, the parties will have a period of thirty (30) days, or such additional period as may be agreed upon by them, in which to negotiate and confer regarding such allegation, before Plaintiff exercises any remedy provided by law.

11. The term of this Decree shall be for one (1) year following the date of the entry of this Decree.

12. The Commission and Defendant will bear their own costs and attorney fees.

March 16, 2006
Date

/S/ Rudy Lozano
Judge, U.S. District Court

Copies to:

Nancy Dean Edmonds
Equal Employment Opportunity Commission
101 E. Ohio Street, Suite 1900
Indianapolis, IN 46204

James M.L. Ferber
Margaret C. Bettendorf
Littler Mendelson, P.C.
21 E. State Street, Suite 1600
Columbus, Ohio 43215

Firmwide:80812540.1 048854.1002
2/17/06

## APPENDIX A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Indianapolis District Office

101 West Ohio Street
Suite 1900
Indianapolis, IN  46204-4203
PH: (317) 226-7212
TDD: (317) 226-5162
FAX: (317) 226-7953

### EMPLOYEE NOTICE
### NOTICE TO ALL EMPLOYEES
### FLYING J INC

1. This Notice is posted pursuant to an agreement between Flying J Inc, and the United States Equal Employment Opportunity Commission, resolving a lawsuit.

2. Federal law requires that there be no discrimination against any employee because of the employee's race, color, religion, sex, national origin, age (over 40) or disability.

3. The Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Action ("ADEA") prohibit employers from discriminating against employees because they have exercised their rights, reported an alleged violation under the law or have given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

4. Flying J Inc, supports and complies with such Federal law in all respects and will not discriminate against employees or applicants for employment nor will it take any actions against employees because they have exercised their Title VII or ADEA rights.

5. An employee may contact the U.S. Equal Employment Opportunity Commission at the address listed above for the purpose of filing a charge of employment discrimination.

**THIS IS AN OFFICIAL NOTICE AND SHALL NOT BE DEFACED BY ANYONE**

This notice must remain posted for one (1) year from the date of posting and may not be altered, defaced or covered by any other material.

## APPENDIX B

### RELEASE

In consideration of the payment to me by Flying J Inc ("Flying J") of Fifty Thousand Two Hundred Fifty Dollars ($50,250.00), and in consideration of the Consent Decree agreed to by the Equal Employment Opportunity Commission and Flying J in Civil Action 2:04-CV-437-RL-APR, entered by the Court on the _____ day of _____, 2006, of which this Release is a part, I, James Kypreos, hereby fully and forever release and discharge Flying J, its successors and assigns, including its present and former directors, officers, employees and agents, from any claim or obligation based on alleged discrimination in violation of Title VII or the ADEA, which was or could have been raised in Civil Action 2:04-CV-437-RL-APR.

I have read this Release and I execute it voluntarily, without coercion or threat of reprisal.

IN WITNESS WHEREOF, this Release is signed and executed by me on the _____ day of _____, 2006.

_____
JAMES KYPREOS

County of _____ )
                         ) SS
State of _____  )

Subscribed and sworn to before me this _____ day of _____, 2006.

_____
Notary Public

My Commission Expires: _____

County and State of Residence: _____

7